IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| KINDRED HOSPITALS EAST, LLC d/b/a<br>KINDRED HOSPITAL PHILADELPHIA<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL<br>MANAGEMENT<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  <u>3:23-cv-674-RGJ</u><br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Kindred Hospitals East, LLC d/b/a Kindred Hospital Philadelphia ("Kindred") states as follows for its Complaint against defendant United States Office of Personnel Management ("OPM"):

## INTRODUCTION

1. This action arises from Kindred's care and treatment of a patient with health care coverage through the Mail Handlers Benefit Plan ("MHBP"). For purposes of patient confidentiality, the patients will be referred to herein simply as the "Patient." The Patient is entitled to health care benefits under the terms of his MHBP coverage that have not been paid. Kindred, in its capacity as assignee of the Patient, seeks an Order directing OPM to compel the MHBP to pay the benefits due and owing as permitted under the Federal Employee Health Benefits Act ("FEHBA"). *See* 5 U.S.C. §§ 8901-8914.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Kindred is a Delaware limited liability company with its principal place of business in Louisville, Kentucky. Among other things, it operates Kindred Hospital Philadelphia.

3. Defendant OPM is a federal government body charged with operation of the Federal Employee Health Benefits program under 5 U.S.C. §§ 8901-8914, including but not limited to the MHBP.

4. This Court has jurisdiction over Kindred's claim for an Order compelling the payment of benefits under FEHBA pursuant to 5 U.S.C. § 8912.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

6. With respect to its claim for benefits under FEHBA, Kindred has exhausted all administrative remedies required under FEHBA, except to the extent such remedies were futile.

## FACTUAL BACKGROUND

7. The Patient was a patient at Kindred Philadelphia from November 11, 2019, through June 12, 2020.

8. At the time of the Patient's admission, his Medicare benefits had exhausted and therefore he had primary insurance coverage through MHBP.

9. MHBP, through its administrator, Aetna, paid Kindred's claims for the first few weeks of the Patient's admission, along with Part B coinsurance, but refused to authorize or pay Kindred's claims for dates of service on or after December 23, 2019, on the alleged ground that the Patient's continued admission at Kindred was not medically necessary as of that date.

10. MHBP, through Aetna, later overturned its decision regarding certain dates of service during the Patient's admission, acknowledging the medical necessity of the Patient's

continued care and making payments for those dates. But MHBP, through Aetna, maintained its refusal to authorize or pay for the Patient's continued care and treatment from December 23, 2019, through March 22, 2020, and March 31, 2020, through May 27, 2020.

11.     Aetna's denial of sporadic dates of service during the Patient's admission is nonsensical. Kindred could not have repeatedly discharged and readmitted the Patient in the matter suggested by the way Aetna paid its claims, as to do so would have been detrimental to a medically complex and fragile patient like the Patient, not to mention administratively impossible in light of the complex arrangements necessary to transfer a patient with his complicated assortment of medical conditions.

12.     Furthermore, the Patient's care was medically necessary insofar as he continued to require intermediate ICU care throughout the denied dates due to respiratory failure and the risk of rapid decompensation and also required, among other things, continuous cardiac monitoring, wound care, diagnostic testing, respiratory cultures due to recurrent infections, IV antibiotics and other IV medications, and intermittent weaning trials during the denied dates of service, none of which would have been available at a lower level of care. Further evidencing the lack of merit to MHBP's position, asserted through Aetna, the Patient was ultimately discharged to a higher level of care.

13.     In short, the services Kindred provided to the Patient were medically necessary for his conditions and constituted covered services for which payment was due under the MHBP.

14.     On information and belief, the health benefits available to the Patient at the time of his Kindred admission are set forth in the MHBP Standard Option Plan Brochure for 2020 (the "Brochure"). The Brochure provides that the Patient is entitled to benefits for medically necessary inpatient hospital stays. Medical necessity services are those "appropriate to diagnose

or treat the patient's condition, illness or injury," "consistent with standards of good medical practice in the United States," "not primarily for the personal comfort or convenience of the patient, the family, or the provider," "not a part of or associated with the scholastic education or vocational training of the patient," and "in the case of inpatient care, cannot be provided safely on an outpatient basis."

15. As alleged above, the inpatient care Kindred provided to the Patient was medically necessary and Kindred should have been paid in full.

16. When Kindred obtained a final denial from Aetna, it sought review of Aetna's decision from OPM as contemplated by the FEHBA and 5 C.F.R. § 890.105. All OPM did in response to this reconsideration request was send it to Aetna, which thereafter agreed to pay additional dates of service in the amount of $36,497.08, but did not provide any detail whatsoever about why it was agreeing to pay these dates of service and not other dates of service within the admission.

17. As such, OPM's "response" to Kindred's reconsideration request was not a full and fair review, but merely a recitation of what additional dates of service Aetna had agreed to pay on behalf of MHBP. Kindred was thus left without further recourse with respect to the improper and incorrect processing of its claims by MHBP and Aetna and remains underpaid in the amount of $270,064.18.

## COUNT I – RECOVERY OF HEALTH BENEFITS UNDER FEHBA

18. Kindred repeats and realleges the allegations set out above and incorporates the same as though set forth in full.

19. The inpatient hospital care and treatment Kindred provided the Patient was medically necessary and therefore constituted covered services for which payment was due from MHBP.

20. OPM's failure to respond substantively to Kindred's request for reconsideration, and decision instead to recite additional dates of service Aetna/MHBP had agreed to pay, constituted a final agency action constructively upholding the claim denials with respect to the dates of service MHBP and Aetna continued to refuse to pay. This decision was arbitrary, capricious, an abuse of discretion, unsupported, contradicted by substantial evidence, and without observance of procedure required by law. OPM's decision constitutes a final agency action that should be set aside pursuant to 5 U.S.C. § 706.

21. Pursuant to 5 C.F.R. § 890.107(c), Kindred requests an Order directing OPM to require MHBP to pay the claim for benefits for care and treatment provided to the Patient in the total amount of $270,064.18.

22. Kindred has exhausted all available administrative remedies, except to the extent such exhaustion would have been futile as demonstrated by the actions of OPM as set forth above, including but not limited to OPM's failure to respond substantively to Kindred's reconsideration request and decision instead to send that appeal back to MHBP and Aetna for resolution. In addition, in the same letter by which it conveyed the decision of MHBP and Aetna to pay an additional $36,497.08 to Kindred for a handful of service dates, OPM told Kindred

"appeals should be directed to MHBP Provider relations" – whatever that is – which demonstrated that any further communications with OPM would be futile.

23. OPM's position with respect to the Patient was not substantially justified, and thus Kindred requests attorneys' fees and costs under 28 U.S.C. § 2412, which it incurred in an effort to obtain the benefits due and owing under the MHBP.

24. Kindred asserts this claim in its capacity as assignee of the Patient pursuant to its Admission Agreement with the Patient, in which the Patient assigned to Kindred his rights, title, and interest in any health benefits, expressly including but not limited to the right to pursue payment-related grievances with any insurer, third party administrator, or governmental agency, including OPM.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the foregoing, Kindred prays for relief as follows:

A. An Order directing OPM to compel the MHBP to pay Kindred's claims for benefits due the Patient under the FEHBA;

B. A trial by jury on any issues so triable;

C. Pre- and post-judgment interest;

D.  Costs, including reasonable attorney fees; and

E.  All other relief to which it may be entitled.

Respectfully submitted,

*/s/ Adrianne J. Simon*

Adrianne J. Simon, KY Bar No. 89677
Matthew C. Williams, KY Bar No. 95836
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Suite 2700
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile:  (502) 588-2020
asimon@fmdlegal.com
mwilliams@fmdlegal.com

*Counsel for Plaintiff*
